UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

PRINCE KUMAR,

Petitioner,

v.

CHRISTOPHER LAROSE, et al.,

Respondents.

Case No.:  3:26-cv-00490-RBM-SBC

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

**[Doc. 1]**

Pending before the Court is Petitioner Prince Kumar's ("Petitioner") Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"). (Doc. 1.)  For the reasons set forth below, the Court **GRANTS** the Petition.

## I.    BACKGROUND

Petitioner is a citizen and national of India.  (Doc. 1-2 at 1.)  He entered the United States on March 12, 2023 through the Mexico-United States border.  (Doc. 1 at 4.)  On March 15, 2023, United States Border Patrol issued Petitioner a Notice to Appear, charging him as inadmissible under the Immigration and Nationality Act as "an alien present in the United States without being admitted or paroled."  (Doc. 3-1 at 5.)  On March 16, 2023, Petitioner was released from custody on an Order of Recognizance, "contingent upon [his] enrollment and successful participation in an Alternatives to Detention (ATD) program as designated by the U.S. Department of Homeland Security."  (Doc. 1-2 at 3–7.)

1

Petitioner violated some of the conditions of his Order on Recognizance, including by missing required check-ins and being outside a designated geographic area without notifying immigration officials. (Doc. 3 at 2 (citing Doc. 3-1 at 2–3).) As a result of these violations, Respondents detained Petitioner on August 11, 2025. (*Id.*) Petitioner has been detained in Otay Mesa Detention Center since then. (Doc. 1 at 5.)

On January 21, 2026, Petitioner filed the Petition. (Doc. 1.) The Court issued a briefing schedule and Order to Show Cause on January 27, 2026. (Doc. 2.) On February 4, 2026, Respondents filed their Response to Petition ("Response"). (Doc. 3.)[1]

## II.   LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III.   DISCUSSION

Petitioner argues that the revocation of his Order on Recognizance and his subsequent detention without a bond hearing violate the Fifth Amendment's Due Process Clause. (*See* Doc. 1 at 4–5.) Respondents concede that Petitioner, as a class member of the Bond Eligible Class certified in *Bautista v. Santacruz*,[2] is detained under 8 U.S.C.

---

[1] Petitioner was authorized to file an optional reply on or before February 16, 2026. (Doc. 2 at 2.) Given Respondents' concession that Petitioner is entitled to a bond hearing, and the adequacy of the record before it, the Court resolves the Petition without the aid of Petitioner's optional reply.

[2] *Bautista v. Santacruz*, — F. Supp. 3d —, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025).

2

§ 1226(a) and entitled to a bond hearing.  (Doc. 5 at 2.)  Because the Parties agree that Petitioner is detained under § 1226 and entitled to a bond hearing, the Court **GRANTS** the Petition.

### IV.    CONCLUSION[3]

The Petition (Doc. 1) is **GRANTED**.  Accordingly, the Court **ORDERS**:

1. Respondents shall provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) **within fourteen (14) days** of the entry of this Order.  At the bond hearing, Respondents shall bear the burden of establishing, by clear and convincing evidence,[4] that Petitioner poses a danger to the community or a risk of flight.[5]

2. If the bond hearing is not conducted **within fourteen (14) days** of the entry of this Order, Respondents shall release Petitioner from custody until it is determined that his detention is warranted under § 1226(a).

3. On or before **February 20, 2026**, Respondents **shall file** a status report indicating whether and when Petitioner received a bond hearing.

**IT IS SO ORDERED.**

DATE:  February 5, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

[3]  The Court declines to address the Petition's remaining grounds for relief.

[4]  *See Sadeqi v. LaRose*, — F. Supp. 3d —, 2025 WL 3154520, at *4 (S.D. Cal. Nov. 12, 2025) ("Petitioner is entitled to a prompt and individualized bond hearing, at which Respondents must justify her continued detention by a showing of clear and convincing evidence that Petitioner would likely flee or pose a danger to the community if released.") (citing *Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018) (explaining that "the substantial liberty interest at stake" warranted placing the burden on the government to "prove by clear and convincing evidence that [a noncitizen] is a flight risk or a danger to the community to justify denial of bond")).

[5]  This relief has been granted in similar matters.  *See Duong v. Kaiser*, 800 F. Supp. 3d 1030, 1042–43 (N.D. Cal. 2025).

3:26-cv-00490-RBM-SBC